[Cite as *State v. Campbell*, 2016-Ohio-7613.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 103982**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## GLEN CAMPBELL

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-15-595170-A

**BEFORE:** Stewart, J., E.A. Gallagher, P.J., and Laster Mays, J.

**RELEASED AND JOURNALIZED:** November 3, 2016

**ATTORNEYS FOR APPELLANT**

Robert L. Tobik
Cuyahoga County Public Defender

Jeffrey Gamso
Assistant Public Defender
310 Lakeside Avenue, Suite 200
Cleveland, OH 44113


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

Fallon Radigan
Blaise D. Thomas
Frank Romeo Zeleznikar
Assistant County Prosecutors
Justice Center, 9th Floor
1200 Ontario Street
Cleveland, OH 44113

MELODY J. STEWART, J.:

{¶1} Defendant-appellant Glen Campbell pleaded guilty to two counts of aggravated murder, two counts of aggravated burglary, one count of murder, and two counts of felonious assault. The burglary, murder, and felonious assault counts all contained repeat violent offender specifications. After merging some of the counts for sentencing, the court ordered Campbell to serve a term of life in prison without parole for aggravated murder as charged in Count 1, 11 years in prison for aggravated burglary as charged in Count 3, and ten years in prison for the repeat violent offender specification. The court ordered all three sentences to be served consecutively.

{¶2} On appeal, Campbell argues that (1) the court erred by sentencing him to an additional ten-year term for the repeat violent offender specification, (2) that the court acted irrationally by finding that consecutive sentences were necessary to protect the public, (3) that the court erred by ordering a sentence of life without parole without first balancing the aggravating and mitigating factors of R.C. 2929.12, and (4) to the extent that these claims were waived by a failure to object at sentencing, that defense counsel was ineffective in ensuring his sentencing rights.

## I. Repeat Violent Offender Specification

{¶3} The court ordered Campbell to serve a definite sentence of ten years in prison for the repeat violent offender specification attached to the aggravated burglary count. The court found, consistent with R.C. 2929.14(B)(2)(a), that a prison term for the specification was justified because the longest prison term for the offense of aggravated burglary was inadequate to punish Campbell and protect the public from future crime. Campbell makes two arguments on appeal regarding this sentence: he maintains that the court had no authority to sentence him to a prison term on the repeat violent offender specification because he was given a sentence of life without parole on the aggravated murder count, and he contends that it was irrational for the court to impose an additional prison term to protect the public when it had also imposed a sentence for which there was no possibility of parole. Campbell claims that his lifetime incarceration on the aggravated murder count means that he poses no threat of committing future crime sufficient to justify an additional prison term for being a repeat violent offender.[1]

---

[1] An appeal of this aspect of Campbell's sentence is authorized by R.C. 2953.08(A)(5), which states that a defendant may appeal as a matter of right a sentence consisting of "an additional prison term of ten years imposed pursuant to division (B)(2)(a) of section 2929.14 of the Revised Code."

**{¶4}** Both of Campbell's argument fail to consider that a criminal sentence "is the sanction or combination of sanctions imposed for each *separate, individual offense*." (Emphasis added.) *State v. Saxon*, 109 Ohio St.3d 176, 2006-Ohio-1245, 846 N.E.2d 824, paragraph one of the syllabus; *State v. Churchman*, 8th Dist. Cuyahoga No. 103683, 2016-Ohio-5326, ¶ 9. The repeat violent offender specification of R.C. 2929.14(B)(2)(a) follows this rule — it references the "felony" for which an offender is convicted. The specification is attached only to that felony, so the findings required under R.C. 2929.14(B)(2)(a) apply only to the offense to which the specification is attached. *State v. Nagel*, 84 Ohio St.3d 280, 286, 703 N.E.2d 773 (1999) ("a specification is, by its very nature, ancillary to, and completely dependent upon, the existence of the underlying criminal charge or charges to which the specification is attached.").

**{¶5}** In addition, R.C. 2929.14(B)(2)(a)(iii) acknowledges the seemingly inconsistency of sentencing an offender to a prison term of life without the possibility of parole and adding an additional prison term for a repeat violent offender specification. For this reason, the division of the statute makes an additional prison term for the specification applicable only if "the court imposes the longest prison term for *the offense* that is not life imprisonment without parole." (Emphasis added.) In other words, a sentence for a repeat violent offender specification is not allowed if the offender received a prison term of life without the possibility of parole on the underlying offense. The repeat violent offender specification was not attached to the aggravated murder count — it was attached to the aggravated burglary count. Campbell did not receive a term of life without the possibility of parole on the aggravated burglary count, so the court could validly impose an additional prison term for the repeat violent offender specification.

## II. Consecutive Sentences

**{¶6}** In his second assignment of error, Campbell complains that the court erred by ordering him to serve the sentences for the aggravated murder and aggravated burglary counts consecutively. Repeating the argument made in the first assignment of error, Campbell maintains that it was irrational for the court to find that consecutive service was necessary to protect the public when one of the prison terms was life without the possibility of parole.

**{¶7}** Campbell's argument is moot. A case or issue is moot when it becomes "academic"; that is, the court can issue no decision that will have any practical affect on the controversy. *State ex rel. Cincinnati Enquirer v. Hunter*, 141 Ohio St.3d 419, 2014-Ohio-5457, 24 N.E.3d 1170, ¶ 4, quoting *In re L.W.*, 168 Ohio App.3d 613, 2006-Ohio-644, 861 N.E.2d 546, ¶ 11 (10th Dist.). In a related issue, the Supreme Court has found as moot arguments that the sentencing judge ordered a definite term of imprisonment to be served consecutive to a death sentence. *See, e.g.*, *State v. Campbell*, 69 Ohio St.3d 38, 52, 630 N.E.2d 339 (1999); *State v. Scott*, 101 Ohio St.3d 31, 2004-Ohio-10, 800 N.E.2d 1133, ¶ 50; *State v. Lynch*, 98 Ohio St.3d 514, 2003-Ohio-2284, 787 N.E.2d 1185, ¶ 142. These holdings were premised on the idea that if a sentence of death had been carried out, service of a consecutive prison term would be academic.

**{¶8}** The prison term of life without the possibility of parole is not the same as a death sentence, but the import is the same — Campbell's prison term for aggravated murder will expire only upon the end of his life. Once that life sentence ends, he will never actually serve the consecutive term imposed for aggravated burglary. Campbell's argument that it is irrational to find that consecutive service was necessary to protect the public is purely academic. *See State v. Chavez*, 8th Dist. Cuyahoga No. 99436, 2013-Ohio-4700, ¶ 47; *State v. Davie*, 11th Dist. Trumbull No. 92-T-4693, 1995 Ohio App. LEXIS 6064 (Dec. 27, 1995); *State v. Herring*, 7th Dist. Jefferson No. 00 JE 37, 2002-Ohio-2786, ¶ 34.

{¶9} Campbell acknowledges that precedent forecloses his argument, but maintains that we should apply *State v. Porterfield*, 106 Ohio St.3d 5, 2005-Ohio-3095, 829 N.E.2d 690, a case holding that it was proper for an appellate court to review whether life sentences were properly made consecutive.

{¶10} *Porterfield* involved a defendant who pleaded guilty to two counts of aggravated murder and was ordered to serve two terms of 20 years to life for those counts. While the Supreme Court did state that individual sentences for aggravated murder were not reviewable under former R.C. 2953.08(D) (which we will discuss later), consecutive service of aggravated murder terms was not necessarily barred by the statute. *Id*. at paragraph two of the syllabus.

{¶11} *Porterfield* is not on point because the sentences, 20 years to life, did not necessarily foreclose the possibility, even if remote, of Porterfield serving those sentences and being paroled during his life. By contrast, the sentence of life without the possibility of parole imposed on Campbell does foreclose the possibility of parole — his life sentence will be completed only upon death. When that occurs, the sentences that were ordered to be served consecutive to the life sentence will terminate.

### III. Balancing Factors

{¶12} For his third assigned error, Campbell complains that the court erred by imposing a sentence of life in prison without the possibility of parole for aggravated murder as charged in Count 1 of the indictment without balancing the aggravating factors and mitigating circumstances set forth in R.C. 2929.12(C) and (E).

{¶13} This assignment of error is unreviewable, ironically on authority of *Porterfield*.

{¶14} There is no constitutional right to appellate review of a criminal sentence, so "the only right to appeal is the one provided by statute." *State v. Akins*, 8th Dist. Cuyahoga No. 99478, 2013-Ohio-5023, ¶ 11. The statutory right to appellate review of a criminal sentence is provided in R.C. 2953.08, a statute that "specifically and comprehensively defines the parameters and standards — including the standard of review — for felony-sentencing appeals." *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 21.

{¶15} R.C. 2953.08(D)(3) states: "A sentence imposed for aggravated murder or murder pursuant to sections 2929.02 to 2929.06 of the Revised Code is not subject to review under this section." A defendant found guilty of committing aggravated murder in violation of R.C. 2903.01(A) must be sentenced "as provided in section 2929.02 of the Revised Code." R.C. 2903.01(F). Consistent with R.C. 2929.02(A), the court ordered Campbell to serve a sentence of life without the possibility of parole.

{¶16} *Porterfield* held that the language used in R.C. 2953.08(D)(3) — that a sentence imposed for aggravated murder pursuant to 2929.02 to 2929.06 of the Revised Code "is not subject to review under this section" — "clearly means what it says: such a sentence cannot be reviewed." *Porterfield*, 106 Ohio St.3d 5, 2005-Ohio-3095, 829 N.E.2d 690 at ¶ 17. We have followed *Porterfield* and applied the "clear" language of R.C. 2953.08(D)(3) to reject the same argument made in other cases — that the court

erred by imposing a sentence of life without the possibility of parole without considering the R.C. 2929.12 factors in mitigation of conduct. *See State v. Jackson*, 8th Dist. Cuyahoga No. 100125, 2014-Ohio-3583, ¶ 64; *State v. Nitsche*, 8th Dist. Cuyahoga No. 103174, 2016-Ohio-3170, ¶ 67; *State v. Hilliard*, 8th Dist. Cuyahoga No. 102214, 2015-Ohio-3142, ¶ 31. Campbell's argument that the court imposed a sentence of life without parole for aggravated murder without first considering the statutory factors set forth in R.C. 2929.12 is unreviewable.

### IV. Ineffective Assistance of Counsel

{¶17} The fourth assignment of error raises a claim of ineffective assistance of counsel, premised on the theory that this court would find Campbell's sentencing issues forfeited on appeal because defense counsel failed to object at sentencing. We have not, however, decided any of the issues in this appeal on the basis that counsel failed to object at sentencing, so this assignment of error is moot.

{¶18} Judgment affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MELODY J. STEWART, JUDGE

EILEEN A. GALLAGHER, P.J., and
ANITA LASTER MAYS, J., CONCUR