[Cite as *State v. Peters*, 2019-Ohio-4461.]

# COURT OF APPEALS OF OHIO

# EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO,                          :

     Plaintiff-Appellee,              :

                                      No. 108068

     v.                                           :

DALE PETERS,                            :

     Defendant-Appellant.             :

---

## JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** October 31, 2019

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-17-622890-A

---

## *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Brian Radigan and Kerry A. Sowul, Assistant Prosecuting Attorneys, *for appellee.*

Dworken & Bernstein Co., L.P.A., and Jerome M. Emoff, *for appellant.*

MARY J. BOYLE, J.:

{¶ 1}  Defendant-appellant, Dale Peters, appeals his sentence.  He raises two assignments of error for our review:

1.  When an indigent [defendant] is sentenced to die in prison, a maximum fine is excessive.

2.  The trial court failed to comply with R.C. 2929.14(C)(4).

{¶ 2}  Finding no merit to his assignments of error, we affirm.

**Procedural History and Factual Background**

{¶ 3}  On November 14, 2017, a Cuyahoga County Grand Jury indicted Peters on 11 counts:  one count of aggravated murder in violation of R.C. 2903.01(A) (an unclassified felony ("UF")); one count of aggravated murder in violation of R.C. 2903.01(B) (UF); one count of aggravated burglary in violation of R.C. 2911.11(A)(1), a first-degree felony; one count of aggravated robbery in violation of R.C. 2911.01(A)(3), a first-degree felony; one count of kidnapping in violation of R.C. 2905.01(A)(2), a first-degree felony; one count of murder in violation of R.C. 2903.02(B) (UF); one count of felonious assault in violation of R.C. 2903.11(A)(1), a second-degree felony; one count of violating a protection order in violation of R.C. 2919.27(A)(1), a third-degree felony; one count of grand theft in violation of R.C. 2913.02(A)(1), a fourth-degree felony; one count of tampering with evidence in violation of R.C. 2921.12(A)(1), a third-degree felony; and one count of inducing panic in violation of R.C. 2917.31(A)(3), a fourth-degree felony.

{¶ 4} Peters pleaded not guilty to the indictment, and the case proceeded to a bench trial in December 2018, after Peters executed a written jury trial waiver.

{¶ 5} The trial court found Peters not guilty of aggravated murder in violation of R.C. 2903.01(A), and the state dismissed the count for inducing panic. The trial court found Peters guilty of the remaining counts.

{¶ 6} At sentencing, the trial court found that the counts for aggravated murder, aggravated burglary, aggravated robbery, kidnapping, and murder were allied offenses and merged for sentencing purposes. The state elected to have the trial court sentence Peters for the aggravated murder count. The trial court sentenced Peters as follows:

Aggravated Murder: Life term of imprisonment without the possibility of parole; $20,000 fine

Felonious Assault: 8 years; $15,000 fine

Violating a Protection Order: 36 months; $10,000 fine

Grand Theft: 18 months; $5,000 fine

Tampering with Evidence: 36 months; $10,000 fine

{¶ 7} The trial court ordered that all of the sentences (including the fines) run consecutive to one another and advised Peters of postrelease control. It also ordered Peters to pay for the costs of prosecution. Peters did not file an affidavit of indigency prior to sentencing.

{¶ 8} At sentencing, Peters's counsel orally moved the court to declare Peters indigent, which the trial court did in its sentencing journal entry.

{¶ 9} It is from this judgment that Peters now appeals.

**Law and Analysis**

**A. Fines**

{¶ 10} In his first assignment of error, Peters argues that the trial court's imposition of $60,000 in fines was unconstitutionally excessive because he was indigent and is serving a life sentence without the possibility of parole.

{¶ 11} The language in the Eighth Amendment to the U.S. Constitution and the Ohio Constitution are identical and state, "[e]xcessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." The U.S. Supreme Court recently held that the Eighth Amendment to the U.S. Constitution's protection against excessive fines is also incorporated by and applicable to the states under the Fourteenth Amendment's Due Process Clause. *See Timbs v. Indiana*, 586 U.S. \_\_, 139 S.Ct. 682, 203 L.Ed.2d 11 (2019).

{¶ 12} A trial court may impose a fine upon a defendant even if it finds the defendant is indigent. *See State v. Price*, 8th Dist. Cuyahoga No. 100981, 2015-Ohio-411, ¶ 63 ("[T]he fact that Price was found indigent for purposes of court-appointed counsel, and the trial court expressly found him indigent at sentencing, does not preclude the trial court from imposing the fine upon defendant.").

{¶ 13} Under R.C. 2929.18(A)(3), a trial court may sentence a defendant to the following financial sanctions:

(a) For a felony of the first degree, not more than twenty thousand dollars;

(b) For a felony of the second degree, not more than fifteen thousand dollars;

(c) For a felony of the third degree, not more than ten thousand dollars;

(d) For a felony of the fourth degree, not more than five thousand dollars[.]

{¶ 14} Under R.C. 2929.19(B)(6), a trial court must consider a defendant's present and future ability to pay a sanction or fine before imposing a financial sanction under R.C. 2929.18. "'[T]here are no express factors that must be taken into consideration or findings regarding the offender's ability to pay that must be made on the record.'" *State v. Lumpkin*, 8th Dist. Cuyahoga No. 102591, 2015-Ohio-3887, ¶ 12, quoting *State v. Martin*, 140 Ohio App.3d 326, 747 N.E.2d 318 (4th Dist.2000). Further, "[u]nder appropriate circumstances, a reviewing court may infer that a trial court considered" a defendant's present and future ability to pay a fine. *Id.*, citing *State v. Parker*, 2d Dist. Champaign No. 03CA0017, 2004-Ohio-1313.[1] However, "some evidence must be present in the record to indicate that the trial court considered an offender's present and future ability to pay." *State v. Sampson*, 11th Dist. Lake No. 2007-L-075, 2007-Ohio-7126, ¶ 14.

{¶ 15} We review a trial court's imposition of fines under an abuse of discretion standard. *State v. Allen*, 8th Dist. Cuyahoga No. 96952, 2012-Ohio-1193, ¶ 9; *State v. Sekic*, 8th Dist. Cuyahoga No. 95633, 2011-Ohio-3978, ¶ 30. An abuse of discretion means that the trial court's decision was arbitrary, capricious, or unreasonable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140

---

[1] *But see State v. Burns*, 8th Dist. Cuyahoga No. 95465, 2011-Ohio-4230, ¶ 43 (finding the trial court committed plain error because it "did not indicate at the sentencing hearing whether it considered Burns's present or future ability to pay the fine.").

(1983). "A trial court abuses its discretion when it 'fails to inquire into a defendant's ability to pay a financial sanction.'" *State v. Pate*, 8th Dist. Cuyahoga No. 103077, 2016-Ohio-399, ¶ 8, quoting *State v. Schneider*, 8th Dist. Cuyahoga No. 96953, 2012-Ohio-1740.

{¶ 16} However, because Peters did not object to the fines, he waived all but plain error. *State v. Hall*, 8th Dist. Cuyahoga No. 90366, 2009-Ohio-462, ¶ 56. "Plain error exists only if 'but for the error, the outcome of the trial clearly would have been otherwise, and is applied under exceptional circumstances and only to prevent a manifest miscarriage of justice.'" *State v. Harrison*, 122 Ohio St.3d 512, 2009-Ohio-3547, 912 N.E.2d 1106, ¶ 61, quoting *State v. Long*, 53 Ohio St.2d 91, 97, 372 N.E.2d 804 (1978).

{¶ 17} Foremost, we are unable to review the $20,000 fine imposed for Peters's aggravated murder conviction. "There is no constitutional right to appellate review of a criminal sentence, so 'the only right to appeal is the one provided by statute.'" *State v. Campbell*, 8th Dist. Cuyahoga No. 103982, 2016-Ohio-7613, ¶ 14, quoting *State v. Akins*, 8th Dist. Cuyahoga No. 99478, 2013-Ohio-5023. R.C. 2953.08(D)(3), which provides the statutory right to appellate review of a criminal sentence, states in relevant part, "[a] sentence imposed for aggravated murder or murder pursuant to sections 2929.02 to 2929.06 of the Revised Code is not subject to review under this section." As a result, we have "consistently recognized that R.C. 2953.08(D)(3) expressly excludes sentences imposed for aggravated murder from appellate review." *State v. Lawson*, 8th Dist. Cuyahoga No. 103699, 2016-Ohio-

7607, ¶ 5, citing *State v. Nitsche*, 2016-Ohio-3170, 66 N.E.3d 135 (8th Dist.). Accordingly, under R.C. 2953.08(D)(3), we lack statutory authority to review Peters's $20,000 fine for aggravated murder and overrule his assignment of error to that extent.

{¶ 18} Turning to the remaining $40,000 in fines, we have examined whether a trial court considered a defendant's present and future ability to pay a fine on a number of occasions. *See State v. Barker*, 8th Dist. Cuyahoga No. 93574, 2010-Ohio-4480, ¶ 13 (affirming the trial court's imposition of a fine because the defendant was sentenced to three years in prison and the trial court reviewed the defendant's presentence-investigation report); *State v. Andera*, 8th Dist. Cuyahoga No. 92306, 2010-Ohio-3304, ¶ 53 (affirming the trial court's imposition of a fine because the defendant was sentenced to 15 years in prison and had 10 years of employment experience).

{¶ 19} Similarly, in *State v. Bernadine*, 11th Dist. Portage No. 2010-P-0056, 2011-Ohio-4023, the court upheld the trial court's imposition of a mandatory fine, stating:

> [T]here is no specific indication in either the transcript of the sentencing hearing or in the sentencing Judgment Entry that the trial court considered Bernadine's present and future ability to pay the fines and restitution ordered by the court. However, the trial court did indicate in its Judgment Entry that it reviewed the PSI. The PSI included information regarding Bernadine's age and physical health. In addition, it included information about her current employment and the amount of money she makes monthly. The PSI also included information about her educational background, which would show her ability to obtain future employment. All of these factors were relevant and sufficient for the court to consider Bernadine's present and future

ability to pay the fine and restitution, especially when reviewing the court's judgment under the plain error standard.

*Id.* at ¶ 29.

{¶ 20} Based upon our review of the record, we can infer that the trial court considered Peters's present and future ability to pay the $40,000 in fines before imposing them. Like *Bernadine* and *Barker*, the record shows that the trial court reviewed Peters's presentence-investigation report, which contained Peters's education information (he graduated from high school) and work history (he worked for American Livery Services "pick[ing] up the deceased" from July 2010 until October 2017, which was one month before he was arrested for the charges in the instant case, making $55,000 per year). While Peters was sentenced to life in prison without the possibility of parole, the presentence-investigation report documented his seven-year work history, during which he made a significant salary and from which he can possibly pay the fines imposed.

{¶ 21} Additionally, Peters did not file an affidavit of indigency or object to the trial court's imposition of fines. Peters had retained counsel for trial, and it was only after sentencing that his trial counsel asked the court to declare him indigent for purposes of appeal. He also did not provide any evidence or argument that he was unable to pay the fines imposed by the trial court.

{¶ 22} Further, none of the fines that the trial court imposed were contrary to law because they all were the maximum allowed under R.C. 2929.18(A)(3), and even though the trial court subsequently declared Peters indigent, the trial court was

still permitted to impose a fine. *Price*, 8th Dist. Cuyahoga No. 100981, 2015-Ohio-411, ¶ 63. Instead, "[t]he Revised Code simply requires the sentencing court to 'consider the offender's ability to pay[,]'" which we find that the trial court did in this case. *State v. Ramos*, 8th Dist. Cuyahoga No. 92357, 2009-Ohio-3064, ¶ 7, quoting R.C. 2929.19(B)(6). Like *Bernadine*, we find the record contains "relevant and sufficient" evidence concerning Peters's present and future ability to pay the fines that the trial court considered.

{¶ 23} As a result, while the fines are substantial, we find that the trial court did not abuse its discretion or commit plain error, and we find the trial court considered Peters's present and future ability to pay the $40,000 in fines connected to Peters's convictions for felonious assault, violating a protection order, grand theft, and tampering with evidence and overrule Peters's first assignment of error to that extent.

{¶ 24} Peters also argues, albeit in a single sentence within his assignment of error, that the trial court's imposition of costs of the prosecution was also constitutionally excessive. "R.C. 2947.23 requires a trial court to assess costs against all criminal defendants, even if the defendant is indigent." *State v. Dean*, 146 Ohio St.3d 106, 2015-Ohio-4347, 54 N.E.3d 80, ¶ 231, citing *State v. White*, 103 Ohio St.3d 580, 2004-Ohio-5989, 817 N.E.2d 393. Unlike fines, a trial court is not required to consider a defendant's ability to pay before imposing costs. *Id.*[2]

---

[2] The Ohio Supreme Court recently accepted review of *State v. Sibrian*, 2d Dist. Montgomery No. 27964, 2019-Ohio-1262, on the following proposition of law: Under R.C. 2947.23(C), a trial court need not consider an inmate's present or future ability to

{¶ 25} Prior to 2013, "[a] motion by an indigent defendant for waiver of the payment of costs [had to] be made at the time of sentencing." *State v. Threatt*, 108 Ohio St.3d 277, 2006-Ohio-905, 843 N.E.2d 164, paragraph two of the syllabus. If the defendant failed to move for waiver of costs at sentencing, appellate courts considered the issue waived and the costs as res judicata. *Dean* at ¶ 231, citing *Threatt.*

{¶ 26} However, the General Assembly enacted Am.Sub.H.B. No. 247, effective March 22, 2013, amending R.C. 2947.23, which governed the imposition of court costs. The newly added subdivision (c) states, "The court retains jurisdiction to waive, suspend, or modify the payment of the costs of prosecution * * * at the time of sentencing or at any time thereafter." Therefore, Peters was not required to move to waive costs at sentencing and may move for such a waiver at any time. Further, we need not remand the case for Peters to move for waiver of costs. *State v. Reed*, 8th Dist. Cuyahoga No. 106796, 2018-Ohio-3187, ¶ 12.

{¶ 27} Turning to whether the trial court's imposition of costs was constitutionally excessive, the Ohio Supreme Court has previously rejected an argument that imposing costs violates a defendant's Eighth Amendment's right against cruel and unusual punishment. In *State v. Clinton*, 153 Ohio St.3d 422,

---

pay court costs, nor must it explain its decision, when ruling on a post-conviction motion to vacate, stay, or remit court costs. The Ohio Supreme Court stayed its proceedings on *Sibrian*, awaiting its decision in *State v. Taylor*, 2d Dist. Montgomery No. 27539, 2018-Ohio-1649, which was accepted for review on the following proposition of law: A trial court need not consider an inmate's present or future ability to pay court costs, or determine whether any exemption statutes prohibit collection from an inmate's account, when ruling on a post-conviction motion to vacate, stay, or remit court costs.

2017-Ohio-9423, 108 N.E.3d 1, the court stated, "'Costs are not punishment, but are more akin to a civil judgment for money.'" *Id.* at ¶ 240, quoting *Threatt.* Therefore, Peters's argument lacks merit.

{¶ 28} Accordingly, we overrule Peters's first assignment of error.

**B. R.C. 2929.14(C)(4)**

{¶ 29} In his second assignment of error, Peters argues that the trial court failed to comply with R.C. 2929.14(C)(4) when ordering that he serve consecutive sentences.

{¶ 30} An appellate court must conduct a meaningful review of the trial court's sentencing decision. *State v. Johnson*, 8th Dist. Cuyahoga No. 97579, 2012-Ohio-2508, ¶ 6, citing *State v. Hites*, 3d Dist. Hardin No. 6-11-07, 2012-Ohio-1892. R.C. 2953.08(G)(2) provides that our review of consecutive sentences is not an abuse of discretion. Instead, an appellate court must "review the record, including the findings underlying the sentence or modification given by the sentencing court." *Id.* If an appellate court clearly and convincingly finds either that (1) "the record does not support the sentencing court's findings under [R.C. 2929.14(C)(4)]," or (2) "the sentence is otherwise contrary to law," then "the appellate court may increase, reduce, or otherwise modify a sentence * * * or may vacate the sentence and remand the matter to the sentencing court for resentencing." *Id.*

{¶ 31} A defendant can challenge consecutive sentences on appeal by arguing that the consecutive sentences are contrary to law because the court failed to make the necessary findings under R.C. 2929.14(C)(4) or that the record does not

support the trial court's findings under R.C. 2929.14(C)(4). *State v. Johnson*, 8th Dist. Cuyahoga No. 102449, 2016-Ohio-1536, ¶ 7.

{¶ 32} In Ohio, sentences are presumed to run concurrent to one another unless the trial court makes the required findings under R.C. 2929.14(C)(4). *State v. Wells*, 8th Dist. Cuyahoga Nos. 99305, 99306, and 99307, 2013-Ohio-3809, ¶ 13. As such, trial courts must engage in R.C. 2929.14(C)(4)'s three-tier analysis before imposing consecutive sentences. First, the trial court must find that "consecutive service is necessary to protect the public from future crime or to punish the offender[.]" R.C. 2929.14(C)(4). Second, the trial court must find that "consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public." *Id.* Third, the trial court must find that one of the following applies:

(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction * * *, or was under post-release control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

*Id.* The failure to make the above findings renders the imposition of consecutive sentences contrary to law. *State v. Lawson*, 8th Dist. Cuyahoga No. 105038, 2017-

Ohio-4189, ¶ 9, citing *State v. Balbi*, 8th Dist. Cuyahoga No. 102321, 2015-Ohio-4075.

{¶ 33} When making the above findings, however, a trial court is not required to engage in "a word-for-word recitation" of R.C. 2929.14(C)(4)'s language. *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, ¶ 29. In fact, "as long as the reviewing court can discern that the trial court engaged in the correct analysis and can determine that the record contains evidence to support the findings, consecutive sentences should be upheld." *Id.*

{¶ 34} We have previously held that an appellant's assignment of error contesting the imposition of consecutive sentences is moot when that appellant has been sentenced to death or a prison term of life without the possibility of parole and does not challenge his conviction or that portion of his sentence for that conviction on appeal. *See Campbell*, 8th Dist. Cuyahoga No. 103982, 2016-Ohio-7613, at ¶ 11 ("[T]he sentence of life without the possibility of parole imposed on Campbell does foreclose the possibility of parole — his life sentence will be completed only upon death. When that occurs, the sentences that were ordered to be served consecutive to the life sentence will terminate."). Therefore, because Peters was sentenced to life imprisonment without the possibility of parole and does not challenge his aggravated murder conviction or that portion of his sentence, his second assignment of error is moot.

{¶ 35} Even assuming his assignment of error is not moot, we would still overrule Peters's second assignment of error. Peters argues that it is "arguable" as

to whether the trial court made the proportionality finding under R.C. 2929.14(C)(4). He also argues that the trial court failed to find "a necessity to protect the public from future crime or punish [him]" or that he "had engaged in a course of conduct that resulted in great or unusual harm." We disagree.

{¶ 36} At the sentencing hearing, the trial court stated:

I don't know why you chose to waive your right to a jury trial in this case, but by doing so you spared 14 members of our community the horror of having to look at the photos of your handiwork.

This Court has for 42 years looked at many awful photos, none as awful as what I saw in this case. From babies to adults, I haven't seen anything this awful in my career. I am glad that 14 people were spared because I know that the common citizen is not prepared to see such carnage, such willful, such intentional carnage to another human being.

I remember the testimony that you told the police officer * * * [t]hat you had no remorse while you were doing that to her. And then you left, you stole her car, you dumped the TV, made it look like a burglary, left her on the front lawn of her home for the world to see. * * *

There are times I wish I wouldn't remember what I hear in this room. Your trial is certainly the one I will most try to forget.

And I will sentence you on each count to the maximum and to the consecutive. [The prosecutor] is absolutely right, you don't deserve any hope of getting out of prison alive nor would I want you to do this to some other wonderful, kind-hearted person who extends a hand to help you as [the victim] did.

{¶ 37} After setting forth the sentences for each count, the trial court also stated, "And all of these will run consecutive because the crime was so heinous that no one particular sentence would be sufficient, and consecutive sentences will not demean the seriousness of the offense."

{¶ 38} Foremost, as noted above, the trial court did not have to engage in "a word-for-word recitation" of R.C. 2929.14. *Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, at ¶ 29. Therefore, we will uphold the trial court's sentence as long as we can discern that the trial court engaged in the correct analysis and the record supports the trial court's findings.

{¶ 39} Second, we can discern from the record that the trial court made the requisite findings. The trial court found that concurrent sentences were not appropriate based on Peters's severe and appalling acts.

{¶ 40} Additionally, the trial court's statements at sentencing clearly demonstrate that it found that consecutive sentences were necessary to protect the public and that Peters's crimes resulted in great or unusual harm. The trial court stated that it imposed consecutive sentences because it did not "want [him] to do this to some other wonderful, kind-hearted person[.]" The trial court also thoroughly remarked on the gruesome nature of Peters's crimes and how it had never seen such an awful crime.

{¶ 41} Finally, the trial court also properly incorporated the necessary findings into its sentencing journal entry as required. *See Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, at syllabus.

{¶ 42} Therefore, contrary to Peters's assertions, we find that the trial court made the necessary findings under R.C. 2929.14(C)(4), and we overrule Peters's second assignment of error.

{¶ 43} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MARY J. BOYLE, JUDGE

MICHELLE J. SHEEHAN, J., CONCURS;
MARY EILEEN KILBANE, A.J., DISSENTS IN PART WITH SEPARATE OPINION

MARY EILEEN KILBANE, A.J., DISSENTING IN PART:

{¶ 44} I respectfully dissent in part. I agree with the majority that we lack statutory authority to review Peters's $20,000 fine for aggravated murder. I disagree, however, with the majority's finding that the trial court's imposition of the remaining $40,000 in fines was proper.

{¶ 45} The majority infers from the record that the trial court considered Peters's present and future ability to pay the $40,000 in fines before imposing them because the trial court reviewed his presentence investigation report. The report documented Peters's work history, which indicated that at one time he made $55,000 per year. Based on this limited work history, the majority then infers the

trial court considered this salary significant and concluded that he could possibly pay the imposed $40,000 in fines from his past earnings.

{¶ 46} While there are no express factors that must be taken into consideration regarding the offender's ability to pay that must be made on the record, the record still must contain some evidence that the court considered the offender's ability to pay such a sanction. *Sampson*, 11th Dist. Lake No. 2007-Ohio-7126, at ¶ 14, *State v. Jobe*, 6th Dist. Lucas No. L-07-1413, 2009-Ohio-4066, ¶ 79, citing *State v. Phillips*, 6th Dist. Fulton No. F-05-032, 2006-Ohio-4135, citing *State v. Lamonds*, 6th Dist. Lucas No. L-03-1100, 2005-Ohio-1219 (where the trial court's imposition of costs was vacated when there was no evidence in the record supporting the trial court's finding that appellant had, or could reasonably in the future be expected to have, the ability to pay the costs). Indeed, this court has stated that "[f]ines should be imposed as punishment upon those with the ability to pay." *State v. McCauley*, 8th Dist. Cuyahoga No. 80630, 2003-Ohio-3211, ¶ 17, *rev'd on other grounds*, 104 Ohio St.3d 158, 2004-Ohio-5772, 798 N.E.2d 405 (where this court found the fine was improper under R.C. 2929.19(B)(6) because defendant, who was indigent, was unable to pay it. Appellant was employed at a rate of $ 7.50 per hour prior to his offenses and was sentenced to nine years in prison. This court noted that "[i]mposing a fine as an extra burden upon one earning this little virtually assures an overpowering temptation to earn more money unlawfully, substantially decreasing any chance the offender might have of avoiding recidivism.") *Id.*

**{¶ 47}** The horrific facts of this case cannot be ignored. Peters committed a heinous crime against the victim, savagely taking her life and was sentenced to life in prison, without parole, as a result of his conduct. In addition to his life sentence, the trial court assessed Peters $40,000 in fines. Fines, however, "should be imposed as punishment upon those with the ability to pay." *McCauley* at ¶ 17. Here, Peters's presentence-investigation report indicated that he made $55,000 per year at one time. At the time of sentencing, Peters had been unemployed for more than one year. With Peters unemployed, indigent, and spending the rest of his life in prison, there is no evidence in the record indicating that he could pay the fines from the salary he made during his previous job. Under these circumstances, I would find the record demonstrates that Peters does not have the present or future ability to pay the financial sanctions.

**{¶ 48}** Accordingly, I would sustain the first assignment of error as to the $40,000 in fines.