[Cite as *State v. Percy*, 2021-Ohio-1876.]

# COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO,                          :

    Plaintiff-Appellee,          :

                                      No. 109502

    v.                           :

SURFIN PERCY,                           :

    Defendant-Appellant.         :

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED IN PART, REVERSED IN PART, AND VACATED IN PART

**RELEASED AND JOURNALIZED:** June 3, 2021

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-18-630140-A

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Ronnie Ducoff, Assistant Prosecuting Attorney, *for appellee.*

Cullen Sweeney, Cuyahoga County Public Defender, and Paul A. Kuzmins, Assistant Public Defender, *for appellant.*

EILEEN T. GALLAGHER, J.:

{¶ 1} Defendant-appellant, Surfin Percy ("Percy"), appeals his sentence and claims the following errors:

1. The trial court failed to comply with R.C. 2929.14(C)(4) when it imposed consecutive terms of incarceration.

2. The trial court erred in ordering the appellant to pay $1,000 in fines.

3. The trial court erred in forcing the appellant to forfeit any interest he had in a personal property that was unrelated to the crimes alleged.

{¶ 2} Finding some merit to the appeal, we affirm the trial court's judgment in part, reverse it in part, and vacate the forfeiture order.

## I. Facts and Procedural History

{¶ 3} Percy pleaded guilty to two counts of rape, one count of gross sexual imposition, and one count of child endangering. The charges were filed after B.P., a minor child, revealed that Percy had raped and assaulted her on multiple occasions.

{¶ 4} At sentencing, the state asked the court to order consecutive sentences on the two rape convictions, to be served concurrently with the sentences on the gross sexual imposition and child endangering counts. (Tr. 25.) Defense counsel asked for the two rape convictions to be served concurrently with each other and with the sentences imposed on the other convictions, but acknowledged that Percy's sentence was ultimately within the court's discretion. (Tr. 25.)

{¶ 5} The court sentenced Percy to 60 months on the gross sexual imposition conviction, eight years on the child endangering conviction, and 11 years on each of the rape convictions. The court ordered the 11-year prison terms on the two rape convictions to be served consecutively to each other but concurrently with the child endangering and gross sexual imposition convictions, for an aggregate 22-year prison sentence. The court also ordered Percy to pay $250 in court costs on each of

his four convictions for a total of $1,000 in court costs, classified him as a Tier III sex offender, and imposed five years of mandatory postrelease control. Finally, the court ordered forfeiture of a police badge and a work identification card. Percy now appeals the sentence and forfeiture order.

## II. Law and Analysis

### A. Consecutive Sentences

{¶ 6} In the first assignment of error, Percy argues the trial court erred by imposing consecutive sentences without making the findings required by R.C. 2929.14(C)(4) for the imposition of consecutive sentences.

{¶ 7} We review felony sentences under the standard set forth in R.C. 2953.08(G)(2). *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 16. R.C. 2953.08(G)(2) provides that when reviewing felony sentences, a reviewing court may overturn the imposition of consecutive sentences where the court "clearly and convincingly" finds that (1) "the record does not support the sentencing court's findings under R.C. 2929.14(C)(4)," or (2) "the sentence is otherwise contrary to law." The imposition of consecutive sentences is contrary to law if a trial court fails to make the findings mandated by R.C. 2929.14(C)(4). *State v. Morris*, 2016-Ohio-7614, 73 N.E.3d 1010, ¶ 24 (8th Dist.), citing *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, ¶ 37.

{¶ 8} R.C. 2929.14(C)(4) provides that in order to impose consecutive sentences, the trial court must find that consecutive sentences are (1) necessary to protect the public from future crime or to punish the offender, (2) that such

sentences would not be disproportionate to the seriousness of the conduct and to the danger the offender poses to the public, and (3) that one of the following applies:

> (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under postrelease control for a prior offense.

> (b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

> (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶ 9} Compliance with R.C. 2929.14(C)(4) requires the trial court to make the statutory findings at the sentencing hearing, which means that "'the [trial] court must note that it engaged in the analysis' and that it 'has considered the statutory criteria and specifie[d] which of the given bases warrants its decision.'" *Bonnell* at ¶ 26, quoting *State v. Edmonson*, 86 Ohio St.3d 324, 326, 715 N.E.2d 131 (1999). Further, the reviewing court must be able to discern that the record contains evidence to support the findings. *State v. Davis*, 8th Dist. Cuyahoga No. 102639, 2015-Ohio-4501, ¶ 21, citing *Bonnell* at ¶ 29. A trial court is not, however, required to state its reasons to support its findings, nor is it required to precisely recite the statutory language, "provided that the necessary findings can be found in the record and are incorporated in the sentencing entry." *Bonnell* at ¶ 37.

{¶ 10} Where the trial court made the requisite consecutive sentencing findings, R.C. 2953.08(G)(2) requires this court to affirm an order of consecutive service unless we "clearly and convincingly" find that the record does not support the court's findings in support of consecutive sentences. *State v. Simmons*, 8th Dist. Cuyahoga No. 107144, 2019-Ohio-459, ¶ 11. This is a deferential standard of review. *State v. Venes*, 2013-Ohio-1891, 992 N.E.2d 453, ¶ 21 (8th Dist.).

{¶ 11} In sentencing Percy to consecutive prison terms, the trial court stated, in relevant part:

> Each rape will be sentenced consecutively, and the Court makes the following finding with reference to his sentence.
>
> The Court finds that consecutive sentences are necessary to protect the public from future crimes.
>
> The Court finds that consecutive sentences are not disproportionate to the seriousness of the offender's conduct.
>
> The Court finds that consecutive sentences are necessary to punish the offender, and the Court finds that consecutive sentences are not disproportionate to the danger the offender poses to the public and to his family.
>
> In arriving at the necessity to impose consecutive sentences, the Court further finds that the danger that was imposed to this young person was so great that it warranted consecutive sentences.

(Tr. 41-42.)

{¶ 12} The trial court found that consecutive sentences were necessary to protect the public and to punish Percy. The court also found that consecutive sentences were not disproportionate to the seriousness of Percy's conduct and to the

danger he poses to the public. However, the trial court failed to make the third finding.

{¶ 13} The third finding may be one of three alternatives. Because Percy had no prior criminal history and was not under supervision when the alleged crimes occurred, the only possible alternative was a finding under R.C. 2929.14(C)(4)(b). As previously stated, that section provides:

> At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

R.C. 2929.14(C)(4)(b). "The statute requires the trial court to find both that (1) the offenses were committed as one or more courses of conduct, and (2) the harm caused was so great or unusual that a single prison term is not an adequate reflection on the seriousness of the conduct." *State v. McKinney*, 8th Dist. Cuyahoga No. 106377, 2019-Ohio-1118, ¶ 60.

{¶ 14} Although the court found that the "danger that was imposed" on the victim "was so great that it warranted consecutive sentences[,]" the court failed to also find that the offenses were committed as one or more courses of conduct as required by R.C. 2929.14(C)(4)(b). Therefore, the trial court failed to make the third finding required for the imposition of consecutive sentences.

{¶ 15} The first assignment of error is sustained.

## B. $1,000 Fine

{¶ 16} In the second assignment of error, Percy argues the trial court erred in ordering him to pay $1,000 in fines because he is indigent.

{¶ 17} We review a trial court's imposition of fines for an abuse of discretion. *State v. Peters*, 8th Dist. Cuyahoga No. 108068, 2019-Ohio-4461, ¶ 15. "A court abuses its discretion when a legal rule entrusts a decision to a judge's discretion and the judge's exercise of that discretion is outside of the legally permissible range of choices." *State v. Hackett*, Slip Opinion No. 2020-Ohio-6699, ¶ 19.

{¶ 18} R.C. 2929.18(A) allows a trial court to impose fines on an offender, who has committed a felony as part of a sentence. And, "'Ohio law does not prohibit a court from imposing a fine on an indigent defendant.'" *State v. Hampton*, 8th Dist. Cuyahoga No. 103992, 2016-Ohio-5419, ¶ 7, quoting *State v. Williams*, 8th Dist. Cuyahoga No. 92419, 2009-Ohio-5964, ¶ 8. *See also State v. Ramos*, 8th Dist. Cuyahoga No. 92357, 2009-Ohio-3064; and *State v. Roark*, 8th Dist. Cuyahoga No. 84992, 2005-Ohio-1980.

{¶ 19} However, before imposing fines on an indigent defendant, the trial court must "consider the offender's present and future ability to pay the amount of the sanction or fine." R.C. 2929.19(B)(5). Although there are no express factors that must be taken into consideration, nor specific findings that must be made by the court on the record, there must be some evidence in the record that the trial court considered the defendant's ability to pay. *State v. Hauser*, 8th Dist. Cuyahoga No. 103880, 2016-Ohio-7710, ¶ 26, citing *State v. Schneider*, 8th Dist. Cuyahoga No.

96953, 2012-Ohio-1740, ¶ 10. "'The possibility of working while in prison is one factor that a trial court can use in determining an inmate's ability to pay financial sanctions.'" *State v. Nitsche*, 2016-Ohio-3170, 66 N.E.3d 135, ¶ 55 (8th Dist.), quoting *State v. Western*, 2015-Ohio-627, 29 N.E.3d 245, ¶ 57 (2d Dist.).

{¶ 20} Under R.C. 2929.18(A)(3), a trial court may sentence a defendant to the following financial sanctions:

(a) For a felony of the first degree, not more than twenty thousand dollars;

(b) For a felony of the second degree, not more than fifteen thousand dollars;

(c) For a felony of the third degree, not more than ten thousand dollars;

(d) For a felony of the fourth degree, not more than five thousand dollars[.]

{¶ 21} The trial court ordered Percy to pay fines of $250 on each of his four felony convictions for a total of $1,000 in fines. In doing so, the court observed that the fines of $250 on each of his convictions was "a minimal fine." (Tr. 58.) The trial court also noted that Percy has "22-years to work it off." (Tr. 58.) Thus, the court found that Percy was capable of working off his fines, that he had plenty of time to work them off, and that the fines were minimal. The court was authorized to impose fines, and the amount of the fines was well within the range of financial sanctions permitted by R.C. 2929.18(A)(3). And, because the court considered Percy's ability to pay fines while incarcerated, we cannot say that the trial court abused its discretion by imposing fines totaling $1,000.

{¶ 22} The second assignment of error is overruled.

## C. Forfeiture

{¶ 23} In the third assignment of error, Percy argues the trial court erred in granting forfeiture of a police badge and work identification card that were in his possession. He contends the forfeiture order should be reversed because the government failed to comply with the criminal forfeiture provisions of R.C. 2981.04(A) and because the items were not involved in the commission of any of the offenses at issue in this case.

{¶ 24} Criminal forfeiture proceedings are governed by R.C. 2981.04, which states, in relevant part, that property may be forfeited "only if the complaint contains a specification" that identifies the following information, to the extent it is reasonably known:

(a) The nature and extent of the alleged offender's or delinquent child's interest in the property;

(b) A description of the property;

(c) If the property is alleged to be an instrumentality, the alleged use or intended use of the property in the commission or facilitation of the offense.

R.C. 2981.04(A)(1).

{¶ 25} However, R.C. 2981.04(A)(2) permits the forfeiture of property even if it is not charged in the indictment as a forfeiture specification as long as it was "not reasonably foreseen to be subject to forfeiture at the time of filing the indictment" and "if the prosecutor, upon discovering the property to be subject to forfeiture, gave

prompt notice of this fact to the alleged offender * * * under Criminal Rule 7(E) * * *." Crim.R. 7(E) governs bills of particulars, which are intended to, among other things, "'inform the defendant of the charge against him with sufficient precision to allow him to prepare his defense'" and "'to minimize surprise at trial[.]'" *United States v. Davis*, 854 F.3d 1276, 1293 (11th Cir.2017), quoting *United States v. Warren*, 772 F.2d 827, 837 (11th Cir. 1985).

{¶ 26} The state did not attach a forfeiture specification to any of the charges brought against Percy. Instead, the state filed a motion for forfeiture three days after the parties had reached a plea agreement, and forfeiture was not an agreed-upon term. Thus, Percy had no notice of the forfeiture claim when he agreed to plead guilty. Moreover, the state never filed a Crim.R. 7(E) bill of particulars notifying Percy of its intent to seek forfeiture as required by R.C. 2981.04(A)(2). Therefore, the state failed to provide Percy with prompt notice of the forfeiture as required by R.C. 2981.04(A)(2), and the trial court erred in granting forfeiture.

{¶ 27} The third assignment of error is sustained.

{¶ 28} The trial court's judgment is affirmed in part and reversed in part. Percy's convictions and the imposition of fines are affirmed. However, the forfeiture order is vacated, and the case is remanded to the trial court for the limited purpose of addressing the consecutive-sentence requirements set forth in R.C. 2929.14(C)(4).

It is ordered that appellee and appellant share costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
EILEEN T. GALLAGHER, JUDGE

LISA B. FORBES, P.J., and
EMANUELLA D. GROVES, J., CONCUR