[Cite as *State v. Thomas*, 2021-Ohio-3175.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## LAKE COUNTY

STATE OF OHIO,

        Plaintiff-Appellee,

- v -

JOSEPH L. THOMAS,

        Defendant-Appellant.

CASE NO. 2019-L-085

Criminal Appeal from the
Court of Common Pleas

Trial Court No. 2011 CR 000321

**O P I N I O N**

Decided: September 13, 2021
Judgment: Affirmed

*Charles E. Coulson,* Lake County Prosecutor, and *Karen A. Sheppert* and *Teri R. Daniel,* Assistant Prosecutors, Lake County Administration Building, 105 Main Street, P.O. Box 490, Painesville, OH 44077 (For Plaintiff-Appellee).

*Timothy Young,* Ohio Public Defender, and *Victoria Bader* and *Addison M. Spriggs,* Assistant State Public Defenders, 250 East Broad Street, Suite 1400, Columbus, OH 43215 (For Defendant-Appellant).

CYNTHIA WESTCOTT RICE, J.

{¶1} This matter is before the court upon a remand order from the Supreme Court of Ohio. In *State v. Thomas*, 11th Dist. Lake No. 2019-L-085, 2020-Ohio-4635 ("*Thomas I*") this court affirmed various judgments of the Lake County Court of Common Pleas. Appellant, Joseph L. Thomas, filed a jurisdictional memorandum to the Court, to which the state responded. After considering both parties' memoranda, the Court denied the appeal on all issues with the exception of appellant's Proposition of Law No. V, which

the state conceded should be remanded to this court.[1]  In its remand order, the Court explained this court should address the merits of this proposition pursuant to the authority set forth in *State v. Patrick*, ___ Ohio St.3d ___, 2020-Ohio-6803.[2]

{¶2}    On June 8, 2021, this court issued a judgment entry permitting appellant to file supplemental briefing if he wished to do so.  On June 28, 2021, appellant, via counsel, filed a response stating he wished to stand on the arguments asserted under his sixth assignment of error set forth in his original appellate brief, relating to validity of his sentence.  That assigned error provides:

{¶3}    "The trial court erred when it sentenced Joseph Thomas to life without the possibility of parole despite the fact that the record clearly and convincingly did not support such a punitive sentence, and R.C. 2953.08(D)(3) is unconstitutional if it prohibits appellate review of Mr. Thomas' sentence. Fifth, Eighth, and Fourteenth Amendments, U.S. Constitution; Article I, Sections 2, 9, and 16, Ohio Constitution. R.C. 2953.08."

{¶4}    In *Thomas I, supra*, this court determined that R.C. 2953.08(D)(3) was not unconstitutional even though it ostensibly prohibited appellate review of appellant's sentence of life imprisonment without the possibility of parole.  *Thomas, supra*, at ¶86-92. As a result, we did not reach the merits of appellant's second challenge to his sentence; to wit, that, to the extent his sentence was appealable, the record failed to support the trial court's determination that life without the possibility of parole is the minimum sanction necessary to punish and protect pursuant to R.C. 2929.11 and R.C. 2929.12.

---

1. That proposition provided, in substantive part:  "This Court's decisions in *State v. Patrick* and *State v. Kinney* make clear that R.C. 2953.08(D)(3) does not preclude appellate review of sentences imposed for aggravated murder * * *."
2. Given the narrow scope of the remand order, we deem a re-statement of the facts and procedural posture unnecessary.  For the purpose of a comprehensive framework, we incorporate by reference, however, the statement set forth in *Thomas I, supra*, at ¶2-28.

2

{¶5} In *Patrick*, *supra*, the Ohio Supreme Court clarified that R.C. 2953.08(D)(3) only precluded review of sentences imposed for murder and aggravated murder under *that section*. *Id.* at ¶17. Accordingly, sentences imposed for murder and aggravated murder may still be appealed on constitutional grounds. *Id.* at ¶15. The court recognized that R.C. 2953.02 provides a "right to appeal a judgment or final order to the court of appeals '[i]n a capital case in which a sentence of death is imposed for an offense committed before January 1, 1995, *and in any other criminal case * * *.*'" *Patrick*, *supra*, at ¶16, quoting R.C. 2953.02. That statute also permits an appeal from a judgment or final order "involving a question arising under the Constitution of the United States or of this state." *Id.* The court noted that the term "final judgment" in R.C. 2953.02 referred to the order on sentence. *Id.* Finding that "the preclusive language in R.C. 2953.08(D)(3) demonstrates that its scope is limited to the bases of appeal described in R.C. 2953.08," the court determined that the defendant's constitutional challenge to his sentence imposed for aggravated murder was not precluded by R.C. 2953.08(D)(3). *Patrick*, *supra*, at ¶17 and 22. In effect, *Patrick* held that R.C. 2953.08 is not the only basis for appealing a felony sentence; in particular, constitutional challenges to the sentence are permissible.

{¶6} With the foregoing points in mind, appellant was sentenced under R.C. 2929.03(A)(1)(a), the statutory section governing sentences for aggravated murder that do not include one or more specifications relating to aggravating circumstances (i.e., death-penalty specifications). The arguments appellant asserts relate to R.C. 2929.11 and R.C. 2929.12; respectively, the statutory section relating to the purposes and principles of felony sentencing and the section addressing the "seriousness" and "recidivism" factors. The essential question, accordingly, is whether, notwithstanding the

3

Court's analysis and disposition in *Patrick*, these arguments are precluded on appeal by the relevant statutes governing sentences for, in this case, aggravated murder. For the reasons that follow, we answer this question in the affirmative.

{¶7} R.C. 2953.08(A) provides: "[i]n addition to any other right to appeal * * *, a defendant who is convicted of or pleads guilty to a felony may appeal as a matter of right the sentence imposed upon the defendant on one of the following grounds * * *." R.C. 2953.08(A)(1) and (5) set forth the grounds for appeal if sentences are imposed pursuant to R.C. 2929.14(A) or R.C. 2929.142 (sections inapplicable to this case). R.C. 2953.08(A)(2) applies to sentences including a prison term imposed for a fourth- or fifth-degree felony or felony drug offense that could be subject to only a community control sanction under R.C 2929.13(B) (offenses not applicable to this case). R.C. 2953.08(A)(3) applies to sentence imposed pursuant to R.C. 2971.03 (a section in applicable to this case). Finally, R.C. 2953.08(A)(4) provides that a defendant may appeal a felony sentence on the basis that the sentence "is contrary to law." The term "contrary to law" is defined as "'in violation of statute or legal regulation at a given time.'" *Patrick*, *supra*, at ¶22, quoting Black's Law Dictionary 328 (6th Ed.1990).

{¶8} Notwithstanding these appellate rights, R.C. 2953.08(D)(3) provides "[a] sentence imposed for aggravated murder or murder pursuant to sections 2929.02 to 2929.06 of the Revised Code is not subject to review *under this section*." (Emphasis added). Subsection (D)(3) expressly contemplates that its scope is limited to bases of appeal set forth under R.C. 2953.08, no "other potential avenues of appellate review." *Patrick*, *supra*, at ¶17.

4

Case No. 2019-L-085

{¶9} As noted above, in *Thomas I,* under his sixth assignment of error, appellant raised a bifurcated argument challenging both the constitutionality of R.C. 2953.08(D)(3), as well as the legitimacy and validity of the trial court's substantive sentence, in relation to the application of R.C. 2929.11 and R.C. 2929.12. This court addressed appellant's various constitutional arguments, which included an Eighth Amendment challenge and an alleged Equal Protection violation, and concluded R.C. 2953.08(D)(3) was not unconstitutional. *See Thomas I, supra,* at ¶86-92. Specifically, with respect to the Eighth Amendment challenge, this court observed:

> {¶10} R.C. 2953.08(D)(3) provides that "a sentence imposed for aggravated murder or murder pursuant to sections 2929.02 to 2020.06 of the Revised Code is not subject to review under this section." Appellant acknowledges there is no constitutional right to direct appellate review of a criminal sentence. *See Ross v. Moffitt,* 417 U.S. 600, 610-611 (1974). He points out, however, that appellate review is a necessary procedural safeguard to prevent arbitrary and capricious imposition of the death sentence. *See Gregg v. Georgia,* 428 U.S. 143, 166-68 (1976). While appellant was not sentenced to death, he contends a sentence of life without the possibility of parole shares some characteristics with death sentences that are not shared by other sentences. Notwithstanding these fair characterizations, appellant fails to specifically argue how denying appellate review of a sentence is cruel and unusual. If there is no constitutional right to appellate review of a criminal sentence, it makes little sense to assert the absence of such an entitlement is unconstitutional. Further, the denial of appellate review cannot be said to cause unnecessary and wanton infliction of physical pain, a requirement necessary to sustain a claim for an Eighth Amendment violation. *Rhodes v. Chapman,* 452 U.S. 337, 346 (1981). Appellant's Eighth Amendment argument lacks merit. *Thomas I,* at ¶88.

{¶11} Regarding appellant's Equal Protection argument, this court determined that appellant, a defendant who received a sentence of life without the possibility of parole, is not a member of a suspect class. *Id.* at ¶89. As a result, a rational basis analysis

5

is appropriate. *Id.* In holding that the statute at issue did not violate appellant's right to Equal Protection, his court stated:

> **{¶12}** The General Assembly has a valid and reasonable interest in treating criminal offenses differently, based upon the perceived severity of the crime or felony. Moreover, it is neither arbitrary nor unreasonable to treat aggravated murder and murder differently than other classified felonies. Because these crimes necessarily involve the purposeful termination of another's life, they could reasonably be viewed as the most severe crimes, thus necessitating a different statutory procedure for purposes of sentencing and appeal. We therefore hold appellant has failed to demonstrate that R.C. 2953.08(D)(3) is not rationally related to a legitimate state interest. *Thomas I*, at ¶92.

**{¶13}** In light of the foregoing conclusions, this court held "[a]lthough appellant takes issue with the trial court's imposition of life imprisonment without the possibility of parole, our conclusion(s) that R.C. 2953.08(D)(3) is not unconstitutional precludes consideration of appellant's argument. Pursuant to R.C. 2953.08(D)(3), we are without statutory authority to review appellant's sentence of life imprisonment without parole for aggravated murder." *Thomas I*, *supra*, at ¶93. Even in light of *Partick*, given the nature of appellant's challenge, we hold this conclusion remains sound.

**{¶14}** Appellant, in declining to supplement his original brief, advised this court that he wished to rely "on the arguments made on pages 42-44 of his [original] merit brief." Those arguments relate *exclusively* to challenges anchored to R.C. 2929.11 and R.C. 2929.12, allegations that his sentence is "in violation of statute" and thus "contrary to law." Appellant did not allege his constitutional rights were violated by virtue of the sentence of life without possibility of parole; and appellant did not set forth a potential, alternative statutory basis to challenge the trial court's imposition of the sentence. Because the authority to appeal a sentence as "contrary to law" is afforded by R.C. 2953.08(A)(4) *and*

6

R.C. 2953.08(D)(3) precludes the appeal of a sentence for aggravated murder "under this section," it follows that appellant's statutory, legal challenge is precluded. In *Thomas I*, this court addressed appellant's constitutional arguments, which *only* attacked the constitutionality of R.C. 2953.08(D)(3), not the constitutionality of the ultimate sentence imposed. We therefore confirm our original conclusion that appellant's arguments challenging his sentence as "contrary to law" are statutorily barred.

{¶15} For the reasons discussed in this opinion, the judgment of the Lake County Court of Common Pleas is affirmed.


THOMAS R. WRIGHT, J.,

MATT LYNCH, J.,

concur.