[Cite as *State v. Gardner*, 2022-Ohio-2725.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

CLERMONT COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Appellee, | : | CASE NO. CA2021-12-074 |
| | : | O P I N I O N |
| - vs - | | 8/8/2022 |
| | : | |
| KEYANTA GARDNER, | : | |
| Appellant. | : | |

CRIMINAL APPEAL FROM CLERMONT COUNTY COURT OF COMMON PLEAS
Case No. 2021-CR-00648

Mark J. Tekulve, Clermont County Prosecuting Attorney, and Nicholas Horton, Assistant Prosecuting Attorney, for appellee.

Law Offices of William J. Rapp, and Joshua R. Crousey, for appellant.

**PIPER, P.J.**

{¶ 1} Appellant, Keyanta Gardner, was indicted on several counts related to his involvement in the murder of his former friend, Robert Farrell. Following an investigation, Gardner admitted to his role in hiring someone to kill Farrell and participating in the cover-up. Gardner eventually pled guilty to aggravated murder and conspiracy to commit aggravated murder, as well as an accompanying firearm specification. The trial court

sentenced Gardner to life without the possibility of parole. Gardner timely appeals, raising a single assignment of error for review:

{¶ 2} THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION BY SENTENCING KEYANTA GARDNER TO LIFE WITHOUT PAROLE IN VIOLATION OF THE EIGHTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION.

{¶ 3} Gardner argues that his prison sentence is unconstitutional because R.C. 2953.08(D)(3), which prohibits an intermediate level of appellate review of sentences imposed for murder and aggravated murder, violates the Eighth and Fourteenth Amendments to the United States Constitution.[1] Gardner states that the United States Supreme Court has not yet considered this issue and therefore raises this issue for the purpose of preserving his appellate and postconviction rights.

{¶ 4} "The statutory right to appellate review of a criminal sentence is provided in R.C. 2953.08, a statute that 'specifically and comprehensively defines the parameters and standards — including the standard of review — for felony-sentencing appeals.'" *State v. Campbell*, 8th Dist. Cuyahoga No. 103982, 2016-Ohio-7613, ¶ 14, quoting *State v. Marcum*, 146 Ohio St. 3d 516, 2016-Ohio-1002, ¶ 21.

{¶ 5} Gardner was sentenced under R.C. 2929.03(A)(1)(a), the statutory section governing sentences for aggravated murder that does not include one or more specifications relating to aggravating circumstances (i.e., death-penalty specifications). *See State v. Jenkins*, 5th Dist. Muskingum No. CT2021-0001, 2021-Ohio-4100, ¶ 35. According to R.C. 2953.08(D)(3), "a sentence imposed for aggravated murder or murder

---

1. The Eighth Amendment to the United States Constitution provides that "[e]xcessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." The Ohio Constitution contains similar language prohibiting cruel and unusual punishment. Article 1, Section 9, Ohio Constitution ("Excessive bail shall not be required; nor excessive fines imposed; nor cruel and unusual punishments inflicted").

pursuant to sections 2929.02 to 2929.06 of the Revised Code is not subject to review under this section."

{¶ 6} While R.C. 2953.08(D)(3) does not permit appellate sentencing review, the Ohio Supreme Court has held R.C. 2953.08(D)(3) does not preclude an appeal of a sentence for aggravated murder or murder which is based on constitutional grounds. *State v. Patrick*, 164 Ohio St. 3d 309, 2020-Ohio-6803, ¶ 22 (considering the appeal of a juvenile under Section 2953.02 who has been sentenced to life imprisonment without parole on constitutional challenges to a sentence). Therein, the Ohio Supreme Court held that a different statute, R.C. 2953.02, provides a statutory right to appeal a criminal sentence on constitutional grounds. Further, the Ohio Supreme Court stated that R.C. 2953.08(D)(3) does not preclude other potential avenues of appellate review.

{¶ 7} On appeal, Gardner submits that the trial court was obligated to consider the goals of sentencing and the aggravating and mitigating factors set forth in R.C. 2929.11 and 2929.12 prior to imposing its sentence. Gardner alleges that the trial court failed to do so when it imposed his sentence of life without the possibility of parole. Therefore, he claims that "he is now deprived [of] the constitutional right to have [his sentence] * * * reviewed by a court of appeal."

{¶ 8} However, appellate review of a sentence is not a "constitutional right" because the right of such review is strictly conferred by statute. *State v. Grevious*, 12th Dist. Butler No. CA2018-05-093, 2019-Ohio-1932, ¶ 68. Despite Gardner's arguments, this court and our sister district have determined that R.C. 2953.08(D)(3) is constitutional and does not constitute cruel and unusual punishment. *Grevious* at ¶ 69; *State v. Thomas*, 11th Dist. Lake No. 2019-L-085, 2020-Ohio-4635, ¶ 88 ("If there is no constitutional right to appellate review of a criminal sentence, it makes little sense to assert the absence of such an

entitlement is unconstitutional").[2] Furthermore, Gardner's inability to challenge his sentence under R.C. 2953.08(D)(3) is not a punishment, but rather the criminal procedure involving felony sentencing appeals. R.C. 2953.08(A). Since Gardner does not otherwise claim that his sentence amounts to cruel and unusual punishment or raise any other challenge to the constitutionality of his sentence, we find his sole assignment of error is without merit.[3]

{¶ 9} Judgment affirmed.

S. POWELL and HENDRICKSON, JJ., concur.

---

2. We recognize the issue concerning the constitutionality of R.C. 2953.08(D)(3) is currently before the Ohio Supreme Court. *State v. Grievous*, 157 Ohio St.3d 1502, 2019-Ohio-4768 (discretionary appeal accepted). We further note that the Eleventh District has considered whether its prior decision finding R.C. 2953.08(D)(3) constitutional was proper in light of the Ohio Supreme Court's decision in *Patrick* and determined that its prior conclusion remained sound. *State v. Thomas*, 11th Dist. Lake No. 2019-L-085, 2021-Ohio-3175, ¶ 13. Accordingly, the court concluded that the appellant's challenge to his sentence as "contrary to law" was statutorily barred. *Id.* ¶ 14.

3. The cruel and unusual punishment alleged by Gardner is not the sentence of life without the possibility of parole, but rather the inability to challenge the sentence itself. We note that in a single sentence, Gardner claims that the sentence imposed by the trial court was "grossly disproportionate" to the crime of aggravated murder. While Gardner could have argued that his *sentence* violated the Eighth Amendment as applied to him, he makes no such argument, instead raising a narrow issue regarding the constitutionality of R.C. 2953.08(D)(3). In this case, the trial court sentenced Gardner to life without the possibility of parole based upon a litany of factors including his close relationship with the victim, his lack of remorse, and the "cold-blooded, pre-planned execution" of the victim. The trial court called it the "most brutal, cold-blooded, planned execution that I've ever seen in 44 years."