[Cite as *State v. Beasley*, 2023-Ohio-1521.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

CLERMONT COUNTY


| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Appellee, | : | CASE NO. CA2022-09-047 |
| | : | O P I N I O N |
| - vs - | | 5/8/2023 |
| | : | |
| CHRISTIAN ANTHONY BEASLEY, | : | |
| Appellant. | : | |


CRIMINAL APPEAL FROM CLERMONT COUNTY COURT OF COMMON PLEAS
Case No. 2021-CR-00675


Mark J. Tekulve, Clermont County Prosecuting Attorney, and Nicholas Horton, Assistant Prosecuting Attorney, for appellee.

Roger W. Kirk, for appellant.


**PIPER, J.**

{¶1} Appellant, Christian Beasley, was indicted on one count of aggravated murder with firearm specifications, one count of murder with firearm specifications, conspiracy to commit murder, tampering with evidence, and gross abuse of a corpse. The charges were based upon claims that Beasley murdered Robert Farrell in an alleged murder-for-hire plot

involving Farrell's former friend, Keyanta Gardner.[1]

## Summary of Facts

{¶2} On June 23, 2022, Beasley pled guilty to one count of aggravated murder with a firearm specification and one count of conspiracy to commit aggravated murder. In exchange, the state agreed to dismiss the remaining counts and specifications. At the plea hearing, the assistant prosecutor summarized the evidence it intended to present at trial.

> [O]n July 6th, 2021, Keyanta Gardner picked up the Defendant, Christian "Boog" Beasley from the Cincinnati area, and the two of them drove [to] New Richmond. Once in New Richmond, the two picked up the victim, Bobby Farrell Jr., from his residence.
>
> The victim and both codefendants drove for a short time, smoking marijuana together, when the Defendant shot the victim twice in the head inside Gardner's vehicle.
>
> During the course of the investigation, BCI agents discovered that on July 3rd, 2021, there were multiple calls between Gardner and the Defendant. Eight calls, to be exact. Agents also obtained Gardner's bank records, which showed that on July 4th of 2021, at approximately 11:47 a.m., Keyanta Gardner withdrew $500 from an ATM located at what used to be a Thorton's [sic] located at 4360 Newbury Street, just off of State Route 32.
>
> Gardner then drove to InTown Suites in the Colerain, Cincinnati, Ohio area, where the Defendant was residing. Surveillance video obtained from InTown Suites captured Gardner arriving at approximately 12:34 p.m.
>
> Thirty minutes later, the Defendant is seen exiting InTown Suites and entering Gardner's vehicle, while his young son remains outside in the parking lot. The Defendant was in the vehicle for only three to four minutes, just long enough for the Defendant to receive advance payment for the murder of Bobby Farrell Jr., as the two had planned.
>
>      * * *
>
> Later [on the evening of July 5, 2021], there are multiple calls

---

1. During the investigation into Farrell's murder, Beasley's accomplice, Gardner, admitted that he hired Beasley to murder Farrell. Gardner was charged and ultimately pled guilty to aggravated murder. *State v. Gardner*, 12th Dist. Clermont No. CA2021-12-074, 2022-Ohio-2725.

between the Defendant and Gardner. Dispersed in between the communication between the Defendant and Gardner, there were also multiple messages between the victim and Gardner, during which time Gardner's attempting to get Bobby to meet up with him. That evening, Gardner was unsuccessful in getting Bobby out for the night.

However, on July 6th, additional surveillance video obtained from InTown Suites shows Gardner picking up the Defendant at approximately 4:38 p.m. After leaving InTown Suites and while on the way to commit the murder, the Defendant again texts the firearm owner at approximately 4:53 p.m. and asks, "When you shot that trap, you had to pull the hammer back or just pull the trigger?"

By 5:38 p.m., Bobby is seen leaving his house on a Ring doorbell camera video with Gardner, and then enters Gardner's vehicle, where the Defendant lie[s] in wait. The Defendant and Gardner then drive around New Richmond with Bobby, and the Defendant shoots Bobby twice in the left side of the head, while inside Gardner's vehicle. Both the defendant and Gardner then dump Bobby's body on the side of State Route 222 in New Richmond.

When asked by the trial court if what the assistant prosecutor read was true, Beasley replied "Yes, sir."

{¶3} At sentencing, Beasley's counsel claimed that Beasley was socially challenged with impaired judgment and committed the offense because he "wanted to help somebody else out." On his own behalf, Beasley stated that he knew "what I did was wrong" and that "what I did was evil." He further stated that he was sorry and that the devil had used him that day. Before announcing the sentence, the trial court stated that this crime was "the most cruel, calculated execution of a human being" it had seen. Applying the sentencing factors, the trial court sentenced Beasley to life without parole for aggravated murder, a consecutive term of five years for the firearm specification, and 11 to 16 and one-half years prison for conspiracy to commit aggravated murder. Beasley timely appeals, raising three assignments of error for review.

## Issues on Appeal

{¶4} Assignment of Error No. 1:

{¶5} [THE] TRIAL COURT ERRED AND ABUSED ITS DISCRETION BY IMPOSING A SENTENCE ON CHRISTIAN BEASLEY OF LIFE WITHOUT THE POSSIBILITY OF PAROLE IN VIOLATION OF THE EIGHTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 16 OF THE OHIO CONSTITUTION.

{¶6} Assignment of Error No. 2:

{¶7} THE TRIAL COURT ERRED TO BEASLEY'S PREJUDICE BY IMPOSING A LIFE WITHOUT POSSIBILITY OF PAROLE SENTENCE FOR HIS AGGRAVATED MURDER WHEN SUCH SENTENCE VIOLATED THE EIGHTH AMENDMENT (CRUEL AND UNUSUAL PUNISHMENT), FOURTEENTH AMENDMENT (DUE PROCESS) AND ARTICLE I, SECTION 16 OF THE OHIO CONSTITUTION AS THE MOST SEVERE NON[-]CAPITAL SENTENCE WHICH INFLICTED PUNISHMENT AND WAS IRRATIONALLY AND ARBITRARILY IMPOSED.

{¶8} Beasley's first and second assignments of error both raise allegations of cruel and unusual punishment and will be combined for the purposes of discussion. The Eighth Amendment to the United States Constitution provides that "[e]xcessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." The amendment applies to the states pursuant to the Fourteenth Amendment. *State v. Accorinti*, 12th Dist. Butler Nos. CA2012-10-205 and CA2012-11-221, 2013-Ohio-4429, ¶ 20, citing *Robinson v. California*, 370 U.S. 660, 82 S.Ct. 1417 (1962). *Accord* Article I, Section 9, Ohio Constitution.

## Constitutionality of R.C. 2953.08

{¶9} In his first assignment of error, Beasley argues that R.C. 2953.08(D)(3), which

prohibits an intermediate level of appellate review of sentences imposed for murder and aggravated murder, violates the Eighth and Fourteenth Amendments to the United States Constitution and Article I, Section 16 of the Ohio Constitution. According to that section, "a sentence imposed for aggravated murder or murder pursuant to sections 2929.02 to 2929.06 of the Revised Code is not subject to review under this section." R.C. 2953.08(D)(3).[2]

{¶10} Beasley argues that the trial court failed to properly consider the sentencing factors when it imposed the sentence of life without the possibility of parole.[3] Accordingly, because R.C. 2953.08(D)(3) does not permit an intermediate level of appellate review of his sentence for aggravated murder, Beasley claims that he is "deprived of his right to have his [sentence] meaningfully reviewed by this Court."[4]

{¶11} However, this court has previously held that appellate review of a sentence is not a "constitutional right" because the right of such review is strictly conferred by statute. *State v. Grevious*, 12th Dist. CA2018-05-093, 2019-Ohio-1932, ¶ 68; *State v. Gardner*, 12th Dist. Clermont No. CA2021-12-074, 2022-Ohio-2725, ¶ 8. Therefore, this court and our

---

2. As in *State v. Grevious*, Slip Opinion No. 2022-Ohio-4361, Beasley does not differentiate between a facial and an as-applied challenge to R.C. 2953.08(D)(3). The supreme court in *Grevious* concluded that because Grevious could not establish an as-applied violation of his rights, his facial challenge to R.C. 2953.08(D)(3) also failed. *Grevious* at ¶ 37, 39, citing *Diaz v. Paterson*, 547 F.3d 88, 101 (2d Cir.2008) ("a defendant who fails to demonstrate that a challenged law is unconstitutional as applied to him has 'necessarily fail[ed] to state a facial challenge, which requires [him] to establish that no set of circumstances exists under which the statute would be valid'"). Such is the same result in the case at bar.

3. We also note that this court does not independently weigh the evidence in the record to substitute the judgment of the trial court with respect to R.C. 2929.11 and 2929.12. *State v. Orender*, 12th Dist. Butler No. CA2021-12-149, 2022-Ohio-2823, ¶ 15, citing *State v. Jones*, 163 Ohio St.3d 242, 2020-Ohio-6729, ¶ 42. Here, the trial court stated that it had considered the purposes and principle of sentencing contained in R.C. 2929.11 and 2929.12.

4. Beasley conceded that this court has previously rejected this issue and identified his argument as having previously been raised by his accomplice, Gardner. He further agreed that this issue was pending in the supreme court at the time of briefing. Therefore, Beasley acknowledged that he is raising this issue for the purpose of preserving his appellate and postconviction rights. Following the submission of the parties' briefs, the supreme court issued its decision in *State v. Grevious*, Slip Opinion No. 2022-Ohio-4361, finding that R.C. 2953.08(D)(3) was not unconstitutional.

sister districts have determined that R.C. 2953.08(D)(3) is constitutional and does not constitute cruel and unusual punishment. *Id.* at ¶ 8; *State v. Thomas*, 11th Dist. Lake No. 2019-L-085, 2020-Ohio-4635, ¶ 88 ("If there is no constitutional right to appellate review of a criminal sentence, it makes little sense to assert the absence of such an entitlement is unconstitutional"). *State v. Blair*, 4th Dist. Athens No. 18CA24, 2019-Ohio-2768, ¶ 38; *State v. Nelson*, 5th Dist. Stark No. 2021CA00112, 2022-Ohio-4170, ¶ 55.

{¶12} The Ohio Supreme Court recently affirmed the portion of this court's decision in *Grevious* relating to the constitutionality of R.C. 2953.08(D)(3). *State v. Grevious*, Slip Opinion No. 2022-Ohio-4361, ¶ 1. Therein, the supreme court specifically held that R.C. 2953.08 does not violate the Eighth Amendment's prohibitions against cruel and unusual punishment. *Id.* at ¶ 40-41. Moreover, the supreme court specifically refuted the claims made by the defendant in *Grevious* that R.C. 2953.08(D)(3) amounts to cruel and unusual punishment "by denying any appellate review."[5] *Id.* at ¶ 41. While R.C. 2953.08(D)(3) does not permit appellate sentencing review, it does not preclude an appeal of a sentence for aggravated murder or murder which is based on other grounds. *Id.* at ¶ 41, citing *State v. Patrick*, 164 Ohio St.3d 309, 2020-Ohio-6803.

{¶13} Therefore, in both *Patrick* and *Grevious*, the supreme court stated that an offender can appeal a criminal sentence on constitutional grounds or "via other avenues not precluded under R.C. 2953.08." *Patrick* at ¶ 17, 22; *Grevious*, 2022-Ohio-4361 at ¶ 41. Accordingly, Beasley's narrow argument concerning the constitutionality of R.C. 2953.08(D)(3) raised in his first assignment of error is without merit. Beasley's sentence is not unconstitutional merely because R.C. 2953.08(D)(3) does not provide for an

---

5. This court similarly questioned the defendant's argument in *Gardner*. In *Gardner*, the defendant claimed that it was not the sentence of life without the possibility of parole that was constitutionally infirm, but rather the inability to challenge the sentence itself that rendered the punishment cruel and unusual. *State v. Gardner*, 12th Dist. Clermont No. CA2021-12-024, 2022-Ohio-2725, ¶ 8, fn. 3.

intermediate review of the sentence imposed for aggravated murder. Nevertheless, pursuant to *Patrick* and *Grevious*, we now consider Beasley's challenge to his aggravated murder sentence on constitutional grounds.

**Constitutional Challenge to the Sentence Imposed**

{¶14} In his second assignment of error, Beasley argues that his sentence of life without the possibility of parole is unconstitutional and was "irrationally and arbitrarily imposed." Beasley contends that his sentence is "grossly disproportionate to the crime," considering factors such as his age, remorse, and lack of significant prior criminal history. He argues that he presented mitigating factors, such as his "law-abiding life before [his] conviction," a loving family, and expression of genuine remorse that support his claim that his prison sentence is "irrational and arbitrary."

{¶15} "A key component of the Constitution's prohibition against cruel and unusual punishment is the 'precept of justice that punishment for crime should be graduated and proportioned to [the] offense.'" *State v. Moore*, 149 Ohio St.3d 557, 2016-Ohio-8288, ¶ 31, quoting *Weems v. United States*, 217 U.S. 349, 367, 30 S.Ct. 544 (1910). "Protection against disproportionate punishment is the central substantive guarantee of the Eighth Amendment." *Id.*, citing *Montgomery v. Louisiana*, 577 U.S. 190, 206, 136 S.Ct. 718 (2016).

{¶16} "'It is generally accepted that punishments which are prohibited by the Eighth Amendment are limited to torture or other barbarous punishments, degrading punishments unknown at common law, and punishments which are so disproportionate to the offense as to shock the moral sense of the community.'" *State v. Fraley*, 12th Dist. Butler No. CA2021-10-131, 2022-Ohio-3270, ¶ 28, quoting *McDougle v. Maxwell*, 1 Ohio St.2d 68, 69 (1964). A sentence that falls within statutory limitations is not excessive and does not violate the constitutional prohibition against cruel and unusual punishment. *State v. Rowland*, 12th Dist. Warren No. CA2019-08-084, 2020-Ohio-2984, ¶ 63.

{¶17} Upon review of the record, we find Beasley's sentence was within the permitted statutory range, was neither excessive nor contrary to law, and did not amount to cruel and unusual punishment. Life without parole is specifically provided as a potential punishment for aggravated murder. R.C. 2929.03(A)(1). *See Tison v. Arizona*, 481 U.S. 137, 157, 107 S.Ct. 1676 (1987) ("the Eighth Amendment permits the State to exact the death penalty after a careful weighing of the aggravating and mitigating circumstances"). In the present case, Beasley was the principal offender of this aggravated murder. Beasley obtained a firearm, inquired about how the firearm functioned, and agreed to murder the victim in exchange for $500. Beasley meticulously plotted with Gardner to lure the victim into their trap and executed the plan with cold precision. Beasley shot Farrell twice in the head at close range, killing him, and then tossed the body out on the side of the road. The trial court considered the arguments offered in mitigation but found Beasley's crime was the most serious form of the offense that warranted the most serious punishment. As stated by the trial court, this was "without a doubt, the most cruel, calculated execution of a human being [it had] ever seen." Based upon review of the record, we find Beasley's sentence is not cruel or unusual and his second assignment of error is without merit. Accordingly, Beasley's first and second assignments of error are overruled.

{¶18} Assignment of Error No. 3:

{¶19} THE TRIAL COURT ERRED BY FAILING TO MAKE THE REAGAN-TOKES NOTIFICATIONS FROM OHIO REVISED CODE §2929.19(B)(2)(c) AT THE SENTENCING HEARING REGARDING COUNT 3 ONLY, CONSPIRACY TO COMMIT MURDER.

{¶20} In his third assignment of error, Beasley argues the trial court erred by failing to provide notifications provided in the Reagan Tokes Law regarding his sentence for conspiracy to commit aggravated murder. The state concedes the error but argues that it is not a reversible error because the trial court should have merged the sentence for

conspiracy with the aggravated murder offense. In his reply brief, Beasley agreed with the state.

**{¶21}** After reviewing the record, we agree that Beasley's sentence for conspiracy to commit aggravated murder should have merged. Pursuant to R.C. 2923.01(G), "[w]hen a person is convicted of committing * * * a specific offense * * * the person shall not be convicted of conspiracy involving the same offense." In other words, "R.C. 2923.01(G) merges the conspiracy offense, due to its inchoate nature, into the substantive offenses which are the object of the conspiracy." *State v. Marian*, 62 Ohio St.2d 250, 255 (1980); *State v. Jones*, 6th Dist. Sandusky No. S-18-013, 2019-Ohio-301, ¶ 195.

**{¶22}** In the present case, both Beasley and the state agree that Beasley's sentence for conspiracy to commit aggravated murder should have merged and therefore his sentence on that count should be vacated. We agree and therefore vacate Beasley's sentence for conspiracy to commit aggravated murder. Since Beasley's sentence for conspiracy to commit aggravated murder is vacated, his argument with respect to the Reagan Tokes Law notifications is now moot. We accordingly find Beasley's assignment of error well-taken and sustained to the extent that his sentence for conspiracy to commit aggravated murder is vacated.

**{¶23}** Judgment affirmed as modified.

S. POWELL P.J., and BYRNE, J., concur.